# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| GRACE DUNBAR, | ) | CASE NO. 1:23-cv-01587 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| CLEVELAND INSTITUTE OF THE ARTS, | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

Plaintiff Grace Dunbar alleges that Defendant Cleveland Institute of the Arts (CIA) violated Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681–1688, and was negligent based on Defendant's handling of Plaintiff's report while a CIA student that another CIA student sexually assaulted her. (R. 1). Plaintiff seeks damages and injunctive relief. (*Id.* at PageID# 11). Defendant has moved to dismiss the Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (R. 3, PageID# 22). Plaintiff responded in opposition to Defendant's motion, (R. 8), and Defendant replied supporting its motion, (R. 12). The matter is ripe for consideration.

## I. Standard of Review

A Rule 12(b)(6) motion to dismiss challenges whether a complaint sets forth a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). To proceed past the pleading stage, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* This "plausibility standard is not akin to a 'probability requirement,' but it demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation marks omitted).

A court resolving a Rule 12(b)(6) motion "must consider the complaint in its entirety." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). The court accepts as true all well-pleaded factual allegations contained in the complaint and construes them in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (per curiam); *accord Streater v. Cox*, 336 F. App'x 470, 474 (6th Cir. 2009). But a court need not accept as true conclusions of law, labels, formulaic recitation of the elements of a claim, and "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678–79. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief" under governing law. *Id.* at 679.

## II. Background[1]

Defendant "is an independent college of art and design [that] accepts funding from the [f]ederal [g]overnment." (R. 1, PageID# 2, ¶ 3). Defendant's campus has "one building where most classes are held" and "two dormitories … for students." (*Id.* at ¶ 4). Plaintiff "is female and was a student at [CIA] from August 2019 through March 2023." (*Id.* at ¶ 2).

Plaintiff asserts that while a student at CIA, between January 2020 and "the [f]all of 2020," a

---

[1] The background facts set forth herein come from Plaintiff's Complaint, (R. 1), as amended, (R. 11). All well-pleaded factual allegations and reasonable inferences drawn therefrom are presented as true and in the light most favorable to Plaintiff.

male CIA student sexually assaulted her on at least six separate occasions. (*Id.* at ¶¶ 5–12).[2] Plaintiff asserts that the student assaulted her in his dorm room and in off-campus housing. *Id.* Three of the assaults occurred in his "dorm room where underage consumption of alcohol occurred." (*Id.* at ¶¶ 7, 9–10). One of the assaults occurred in his "off-campus apartment where underage consumption of alcohol occurred." (*Id.* at ¶ 11). The other two, one of which occurred in the male student's dorm and one of which occurred in his off-campus apartment, did not coincide with underage drinking. (*Id.* at ¶¶ 8, 12). "After the first sexual assault, Plaintiff sought counseling and was hospitalized for depression and severe emotional distress…caused by" the assault. (*Id.* at PageID# 3, ¶ 23).

Plaintiff asserts that the same male student assaulted Plaintiff's roommate, "[a]nother female" CIA student, "prior to February of 2021." (*Id.* at PageID# 3, 5, ¶¶ 13, 40). In January or February 2021, Plaintiff and her roommate "complained to their Resident Advisor" about the assaults. (*Id.* at ¶¶ 14, 38, 41). The Resident Advisor then "reported up the chain of command[,] and [the assaults] ultimately came to the attention of CIA's Title IX office." (*Id.* at PageID# 3, ¶ 15).

In January or February 2021, Defendant opened an investigation into Plaintiff's report, (*id.* at PageID# 3, 5, ¶¶ 16, 42), but did not "immediately" suspend the student. (*Id.* at PageID# 8, ¶ 65). The "investigation took over six … months to complete." (*Id.* at PageID# 3, 5, ¶¶ 17, 43). A "hearing was held on the charges on August 6, 2021." (*Id.* at PageID# 3, 6, ¶¶ 18, 44). On August 18, 2021, Defendant "issued a decision" holding the student "responsible on all counts except" for one related to an alleged assault on February 21, 2020. (*Id.* at ¶¶ 19, 45). As a result, the student

---

[2] Defendant suggests these interactions involved Plaintiff "and a classmate kiss[ing] on a handful of occasions, usually when underage drinking was involved [and] [a]fter a year of these interactions, Plaintiff reported the conduct to [CIA] as sexual assault." (R. 3, PageID#: 24). However, the Court need not assess the factual nature of the Complaint's averments and construes the well-pleaded allegations in Plaintiff's favor.

"was given a no-contact order," "placed on probation for one year," "ordered to attend sexual harassment training," and "forced to resign from a club of which Plaintiff's [r]oommate was a member." (*Id.* at ¶¶ 20, 46).

However, "because of the size of the facility" and because the student "was not suspended or expelled," Plaintiff "was forced to see him several times per week in the CIA educational building." (*Id.* at PageID# 4, 6, ¶¶ 25, 49). These circumstances caused Plaintiff "extreme emotional distress." (*Id.* at ¶¶ 25–26, 49, 51). Thus, after the hearing, Plaintiff again "was hospitalized for depression and psychological problems…." (*Id.* at PageID# 6, 7, ¶¶ 50, 56). She also "sought professional counseling for depression and severe emotional and psychological distress." (*Id.* at PageID# 6, ¶ 52).

Plaintiff's continued "extreme emotional distress … direct[ly] and proximate[ly] cause[d]" her to be expelled from CIA in January 2022. (*Id.* at PageID# 4, 7, ¶¶ 26, 54). She "was only reinstated because she related the sexual abuse, assault[,] and harassment to the college." *Id.* And even after reinstatement, given her continued "severe emotional and psychological distress," she "was forced to administratively withdraw in March 2023, just short of graduation." (*Id.* at PageID# 4, 7, ¶¶ 27, 55). "Plaintiff suffered, and continues to suffer, severe physical manifestations of emotional distress, severe emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation[,] fright, grief, loss [of] educational opportunity[,] and loss of enjoyment of life." (*Id.* at PageID# 9, ¶ 66).

### III. Analysis

Plaintiff's Complaint asserts one claim under Title IX and one state-law tort claim. (*Id.* at PageID# 7–9, 10–11, ¶¶ 58–66, 76–81; *see also* R. 11). Plaintiff alleges that Defendant violated Title IX because it "failed to adequately carry out its duties to investigate and take corrective action … following complaints of sexual assault, sexual abuse[,] or sexual harassment." (R. 1, PageID# 8, ¶

4

64). Specifically, she alleges that Defendant violated Title IX because it "acted with deliberate indifference to known facts of sexual assault, abuse[,] and molestation" by: (1) "[f]ailing to suspend [the student] immediately when" Plaintiff and her roommate reported the assaults, "knowing that all students attend classes in the one education building;" (2) "[t]aking over six … months to investigate" the report; (3) "[i]nstituting sanctions … inadequate to address Plaintiff's emotional distress;" and (4) "[c]ausing physical and emotional harm by… mishandling" the report. (*Id.* at ¶ 65).

On the state-law tort claim, Plaintiff alleges that Defendant owed her a duty of care "to ensure her freedom from sexual abuse, sexual assault[,] and sexual harassment while interacting with its students." (*Id.* at PageID# 10, ¶ 77). She alleges Defendant was negligent because it failed to "monitor or prohibit underage alcohol use in campus dormitories," "adequately train and supervise the investigator(s) and hearing officer," and "adequately address and remedy" her complaint. (*Id.* at ¶¶ 78–80).

Defendant moved to dismiss the Complaint. (R. 3). It argues that Plaintiff fails to state a Title IX deliberate indifference claim because she alleges that she was sexually assaulted, not sexually harassed. (*Id.* at PageID# 31). It further argues that Plaintiff fails to state this claim because she does not allege "any facts indicating that any sexual harassment occurred after she reported the" sexual assaults. (*Id.* at PageID# 30–31). On Plaintiff's negligence claim, Defendant argues that Plaintiff merely "alleges in a conclusory manner that [it] was negligent" and a "claim for negligence in the university-student context 'is essentially one of educational malpractice,'" which "Ohio courts do not recognize." (*Id.* at PageID# 34) (quoting *Lemmon v. Univ. of Cincinnati*, 750 N.E.2d 668, 670 (Ohio Ct. Claims 2001)).

In response, Plaintiff argues that sexual assault qualifies as sexual harassment. (R. 8, PageID# 62). She also contends that to state a Title IX deliberate indifference claim, she need only

allege facts showing that Defendant's deliberate indifference caused her "to undergo harassment or ma[d]e [her] liable or vulnerable to it." (*See id.* at PageID# 58–61) (quoting *Davis ex rel. LaShonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 645 (1999)). She argues that she alleges facts showing that she "was vulnerable to additional harassment when the school allowed the perpetrator to continue to encounter her." (*Id.* at PageID# 60). She further argues that she alleges facts showing that Defendant's investigation and punishment were "so ineffective as to" be clearly unreasonable under the known circumstances and, therefore, deliberately indifferent. (*Id.* at PageID# 61–63). On the negligence claim, she argues that the Complaint "does not allege that the school was negligent in upholding its Title IX obligations but rather that it was negligent in failing to fulfill a duty … to protect Plaintiff from sexual assault." (*Id.* at PageID# 63). Thus, she argues that this claim "should be allowed to stand as an alternative count, not just as allegations in support of Title IX." *Id.*

In reply, Defendant asserts that to state a Title IX deliberate indifference claim, Plaintiff must allege facts showing that Defendant's response was inadequate such that it "allowed for further actionable sexual harassment[] and subsequent actionable sexual harassment actually occurred." (R. 12, PageID# 76–77). It argues that Plaintiff fails to allege any such facts. (*Id.* at PageID# 77). Furthermore, it argues that Plaintiff fails to state claims related to its pre-hearing actions because Title IX prohibits assuming guilt and, thus, suspending or expelling the student before the hearing would have violated Title IX. (*Id.* at PageID# 77–78). On Plaintiff's negligence claim, Defendant replies that the breaches Plaintiff alleges "all relate to Plaintiff's Title IX c[laim], and … a negligence claim under Title IX does not exist." (*Id.* at PageID# 78 (citing *Doe v. Lake Erie Coll.*, No. 1:19cv2619, 2021 WL 288559, at *20 (N.D. Ohio Jan. 27, 2021)).

### A. Title IX Claim

Title IX prohibits federally funded educational institutions from excluding, denying the

benefits of their programs to, or discriminating against people "on the basis of sex." 20 U.S.C. § 1681. To comply with Title IX, an institution must "adopt, publish, and implement" a policy prohibiting sex discrimination as well as grievance procedures to resolve complaints of sex discrimination. 34 C.F.R § 106.8(b). An institution that receives federal funds may be held liable under Title IX for student-on-student sexual harassment when it "acts with deliberate indifference to known acts of harassment." *Davis*, 526 U.S. at 633. Where, as here, (*see* R. 1, PageID# 7–9, ¶¶ 59–66; *see also* R. 8, PageID# 59–63), a plaintiff asserts a deliberate indifference claim, the plaintiff "attempts to hold [an institution] liable for its *own* decision to remain idle in the face of known student-on-student harassment." *Davis*, 526 U.S. at 629.

To state a claim for Title IX deliberate indifference, a plaintiff must allege facts showing that a defendant institution was "deliberately indifferent to sexual harassment, of which [it] ha[d] actual knowledge, that is so severe, pervasive, and objectively offensive that it can be said to deprive the victim[] of access to the educational opportunities or benefits" the institution provides. *Id.* at 650. Thus, in the Sixth Circuit, a plaintiff must allege

> an incident of actionable sexual harassment, the school's actual knowledge of it, some further incident of actionable sexual harassment, that the further actionable harassment would not have happened but for the objective unreasonableness (deliberate indifference) of the school's response, and that the Title IX injury is attributable to the post-actual-knowledge further harassment.

*Kollaritsch v. Mich. State Univ. Bd. of Trs.*, 944 F.3d 613, 623–24 (6th Cir. 2019).

Defendant first argues that because Plaintiff alleges she was sexually assaulted, she does not allege actionable sexual harassment and therefore fails to state a Title IX deliberate indifference claim. (R. 3, PageID# 31). Plaintiff argues that sexual assault qualifies as sexual harassment. (R. 8, PageID# 62). Sexual harassment is "some type of behavior that, from the victim's perspective, is uninvited, unwanted, and non-[]consensual." *Id.* at 620. Actionable, sexual harassment must be

7

severe and/or pervasive, and it must be "objectively offensive." *Id.* (citing *Davis*, 526 U.S. at 651). "'Severe' means something that is more than just juvenile behavior among students, even behavior that is antagonistic, non[]consensual, and crass." *Id.* "'Pervasive' means 'systemic' or 'widespread'" and indicates "*multiple* instances of harassment". *Id.* (quoting *Davis*, 526 U.S. at 652–53). "'Objectively offensive' means behavior that would be offensive to a reasonable person under the circumstances, not merely offensive to the victim, personally or subjectively." *Id.* at 621 (citing *Davis*, 526 U.S. at 651).

Here, Plaintiff alleges that the student sexually assaulted her on at least six separate occasions between January 2020 and "the [f]all of 2020." (R. 1, PageID# 2, ¶¶ 5–12). While Defendant appears to downplay the significance of the students' encounters (*see* n. 2) and Plaintiff's pleading does not elaborate beyond stating they were sexual assaults (*see* R. 1), the Court declines the implicit invitation to assess the nature of the referenced incidents. Rather, it proceeds with the clear understanding that sexual assaults can qualify as sexual harassment. *See Kollaritsch*, 944 F.3d at 620. And sexual assault is - perhaps – the most severe form of harassment. *See id.* at 620, 624.

Plaintiff avers the conduct was so severe here that she was hospitalized twice for mental and emotional harm; sought professional counseling; was "expelled from CIA" before being reinstated; "administratively withdr[e]w … just short of graduation"; and had "severe physical manifestations of emotional distress." (R. 1, PageID# 3–4, 6–7, 9, ¶¶ 23, 26–27, 50, 52, 54–56, 66). In alleging six instances of sexual assault, Plaintiff alleges facts showing that the harassment was pervasive. (*Id.* at PageID# 2, ¶¶ 5–12). *See Roe v. Univ. of Cincinnati*, No. 1:22cv376, 2025 WL 961731, at *4 (S.D. Ohio Mar. 31, 2025), *clarified by*, 2025 WL 1696974 (S.D. Ohio June 17, 2025). Furthermore, at this stage of the litigation, the referenced assaults are construed as objectively offensive. *See Kollaritsch*, 944 F.3d at 624. Thus, Plaintiff alleges facts showing actionable sexual harassment. *See*

*id.* at 620–21.

Next, Defendant argues that Plaintiff fails to state a Title IX deliberate indifference claim because she does not allege "any facts indicating that any sexual harassment occurred after she reported the" sexual assaults. (R. 3, PageID# 30–31). In *Davis*, the U.S. Supreme Court held that a school's "deliberate indifference must, at a minimum, cause" a student to undergo harassment or make her "liable or vulnerable" to harassment. 526 U.S. at 645. Plaintiff interprets this holding to mean that she need not allege further actionable sexual harassment once Defendant was on notice. Rather, Plaintiff asserts she need only allege that Defendant's actions made her liable or vulnerable to harassment. (R. 8, PageID# 58–61). However, the Sixth Circuit has explicitly rejected such an interpretation. *Kollaritsch*, 944 F.3d at 622–23. The Sixth Circuit explained that such an interpretation "is predicated on [the] faulty unstated premise that the two alternatives [in *Davis*] are necessarily between further harassment and no further harassment," which "is a misreading of *Davis*." *Id.* Instead, the "plain and correct reading of" *Davis* is:

> that the two alternatives are actually two possible ways that the school's 'clearly unreasonable' response could lead to further harassment: that response might (1) be a detrimental action, thus fomenting or instigating further harassment, or it might (2) be an insufficient action (or no action at all), thus making the victim vulnerable to, meaning unprotected from, further harassment.

*Id.* at 623.

Put simply, in *Davis*, the "Court described wrongful conduct of both *commission* (directly causing further harassment) and *omission* (creating vulnerability that leads to further harassment). The definition presumes that post-notice harassment *has* taken place; vulnerability is simply an alternative pathway to liability for harassment, not a freestanding alternative ground for liability." *Id.* (citation immitted). Thus, Defendant is correct. To state a Title IX deliberate indifference claim, Plaintiff must plead that "some further incident of actionable sexual harassment" occurred after the

9

school had actual knowledge of an incident of actionable sexual harassment. *Id.* at 623–24.

Here, Plaintiff merely alleges that after reporting the sexual assaults, she "was forced to see [the student] several times per week in the CIA educational building." (R. 1, PageID# 4, 6, ¶¶ 25, 49). She does not "provide any details or assert any facts about these encounters to show—or even suggest—that they [included] sexual [harassment], or that they were severe, pervasive, or objectively unreasonable," *Kollaritsch*, 944 F.3d at 624. (*See generally* R. 1). Thus, Plaintiff does not allege facts showing further actionable sexual harassment occurred after her report. *Kollaritsch*, 944 F.3d at 624. Consequently, Plaintiff fails to state a facially plausible Title IX deliberate indifference claim. *Id.* at 624–25. Therefore, the Court will dismiss this claim.

### B. Negligence Claim

The Complaint also asserts a negligence claim. (R. 1, PageID# 10, ¶¶ 77–80). To state a claim for negligence, a plaintiff "must allege facts to suggest the existence of a duty, a breach of that duty, and an injury proximately caused by the breach." *Lacy v. Corr. Corp. of Am.*, No. 1:14cv2347, 2015 WL 1564954, at *6 (N.D. Ohio Apr. 8, 2015) (citing *Menifee v. Ohio Welding Prods., Inc.*, 472 N.E.2d 707, 710 (Ohio 1984)).

Defendant argues that the Plaintiff fails to state a negligence claim because the alleged breaches "all relate to [her] Title IX c[laim], and … a negligence claim under Title IX does not exist." (R. 12, PageID# 78 (citing *Doe v. Lake Erie Coll.*, *supra.*, 2021 WL 288559, at *9. Indeed, some aspects of Plaintiff's negligence claim are identical to her Title IX claim. Plaintiff contends that Defendant owed her a duty of ordinary care "to ensure her freedom from sexual abuse, sexual assault[,] and sexual harassment while interacting with its students." (R. 1, PageID# 10, ¶ 77). She alleges that Defendant breached this duty in part by failing to "adequately train and supervise the investigator(s) and hearing officer" and "adequately address and remedy" Plaintiff's complaints, (*id.*

10

at ¶¶ 79–80), just as she alleges that Defendant was deliberately indifferent under Title IX because it inadequately investigated and punished the assaults, (*id.* at PageID# 8, ¶¶ 64–65). "As Title IX does not permit a claim under a negligence theory, Plaintiff cannot allege a breach of an alleged duty when [Defendant] conducted its disciplinary proceedings and investigations under Title IX." *Doe*, 2021 WL 288559, at *9. Thus, Plaintiff cannot plausibly plead negligence based on these alleged breaches. *See id.*

Plaintiff also alleges that Defendant breached its duty by failing to "monitor or prohibit underage alcohol use in campus dormitories." (R. 1, PageID# 10, ¶ 78). Defendant argues that Plaintiff "alleges in a conclusory manner that [it] was negligent" and that a "claim for negligence in the university-student context 'is essentially one of educational malpractice,'" which "Ohio courts do not recognize." (R. 3, PageID# 34 (quoting *Lemmon*, 750 N.E.2d at 670)). Contrary to Defendant's assertions, not every negligence claim in the "university-student context" is one of educational malpractice. *Doe v. Case W. Rsrv. Univ.*, No. 1:17cv414, 2017 WL 3840418, at *12 (N.D. Ohio Sept. 1, 2017). A student's negligence claim that does not "focus[] on … the education [s]he received" is "not a claim for educational malpractice." *Id.*

> Nevertheless,
>
> [i]t would be unrealistic to impose upon an institution of higher education the additional role of custodian over its adult students and to charge it with responsibility for preventing students from illegally consuming alcohol and, should they do so, with responsibility for assuring their safety and the safety of others …. Fulfilling this charge would require the institution to babysit each student, a task beyond the resources of any school.

*Austin-Hall v. Woodard*, No. 3:18cv270, 2020 WL 5943018, at *6 (S.D. Ohio Oct. 7, 2020) (alterations in original) (quoting *Beach v. Univ. of Utah*, 726 P.2d 413, 419 (Utah 1986)). Moreover, to plausibly plead causation, a plaintiff must state facts showing that the alleged breach was both the

actual and "but for" cause of her injuries (that is, that her injuries would not have occurred but for the alleged breach). *Cf. Cincinnati Bell Tel. Co., LLC v. J.K. Meurer Corp.*, 2022-Ohio-540, 185 N.E.3d 632, 639 (Ohio Ct. App. 2022).

Here, Plaintiff merely concludes that her injuries were the "direct and/or proximate result of Defendant's actions or lack thereof." (R. 1, PageID# 11, ¶ 81). She does not state facts connecting Defendant's alleged failure to "monitor or prohibit underage alcohol use in campus dormitories" with her injuries. (*See generally id.*). Rather, she merely alleges that three of the six sexual assaults occurred in the male student's "dorm room where underage consumption of alcohol occurred" and that a fourth assault occurred in his "off-campus apartment where underage consumption of alcohol occurred." (*Id.* at PageID# 2, ¶¶ 7–12). Two of the sexual assaults apparently occurred in the absence of underage drinking. (*Id.* at ¶¶ 8, 12). Thus, Plaintiff does not state facts showing that her injury would not have occurred but for Defendant's alleged failure to monitor or prohibit underage consumption of alcohol.

Because Plaintiff cannot allege a breach of duty based on inadequate Title IX investigation and disciplinary proceedings and does not allege facts showing that Defendant's failure to monitor or prohibit underage drinking caused her injury, she fails to state an actionable negligence claim. *See Lacy*, 2015 WL 1564954, at *6. Therefore, this claim will be dismissed.

### IV. Conclusion

For the foregoing reasons, Defendant's motion to dismiss, (R. 3), is **GRANTED**, and this action is dismissed.

IT IS SO ORDERED.

Date: September 30, 2025

*s/ David A. Ruiz*
David A. Ruiz
United States District Judge

12